MOON & TAYLOR
*vs*
STORY.

*Hewitt* for appellant; *Harlan & Craddock* for defendant.

---

CHANCERY.

*Case* 118.

*May* 13.

The case stated.

The Chancellor applies paym'ts as a court of law, first to extinguish interest, &c.

# Moon & Taylor *vs* Story.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Interest. Attachment in Chancery. Surety. Rule of Court.*

JUDGE EWING delivered the Opinion of the Court.

THIS case was before this Court at the spring term, 1839, and will be found reported in *8th Dana*, 226—the merits of the controversy were then settled. Among other things, it was determined that Moon & Taylor were entitled to interest on $3097 82, the balance found due from Story, from the filing of their bill. The Chancellor has failed to carry out the decision of this Court, with respect to the interest, and for this error his decree must be reversed and cause remanded, that interest may be estimated upon the aforesaid sum, from the filing of the bill up to the first payment made under the decree rendered by the Chancellor, which was reversed by this

Court, and that the payment be first deducted from the interest, and the residue from the principal, and interest in like manner calculated upon the remaining principal up to the next payment if any, and the payment deducted in like manner, and so on, as to the estimation of interest and deduction of payment, until the last payment is applied and exhausted, and then that interest be calculated up to the rendition of the final decree herein, and added to the principal, and the aggregate amount decreed in favor of the complainants. We do not perceive, from the record now before us, the ground upon which an additional allowance was decreed in favor of the complainants upon filing the decree from the Meade Circuit Court, dissolving an injunction and dismissing a bill of Stewart and Pearson against John Alsbrook, &c. It may have been properly allowed, and we cannot determine that it was not, but leave the question of that allowance open for further adjudication by the Court below, as it does not seem to have been objected to there or here by the counsel on the part of Story.

It is also assigned for error that the Chancellor erred in overruling the motion of the complainant's counsel for a rule against Bakewell, the surety of Story, to show cause why he should not be required to pay the decree rendered against his principal. It appears that two orders were obtained from the Judge of the Jefferson Circuit Court, where this suit was originally instituted, and from which it was removed to the Louisville Chancery Court, directing the partnership goods, &c. to be taken and delivered to the complainants upon their executing bond with security "to take good and discreet care of said goods, &c. and render a true and faithful account of all that may pertain thereto, as the Court shall order, unless the defendant, Story, shall enter into the like bond in the penalty of six thousand dollars, with good security and like condition. Under the first order a bond was executed by Story, with Bakewell as his security, bearing date the 14th Oct. 1831, with the following condition: "now if the said Robert Story shall well and truly take *good* and *discreet care* of said stocks of goods, bonds, and papers, mentioned in said restraining order, and

shall abide and do whatever the said Court may order and decree in the case mentioned in the subpœna and restraining order aforesaid, then this obligation to be void, else to remain in full force and virtue." And by an indorsement on this bond, Story assigned the goods to Bakewell, his security. Under the second order, made the next year, a bond was executed with like penalty, conditioned as the order required, with Bakewell and Wm. J. Story as sureties, the latter of whom is dead.

The goods, on their execution, were left in the possession of Story. These are *judicial bonds* taken under the *orders* of the *Court*, and were intended to secure the property sothat it might be forthcoming, to be *divided*, or to be *applied in payment* of any decree that might be rendered, or to *abide* any *future order* of the Court; and so far as their conditions *conform* to and *pursue* the order of the Court, we think they may be enforced by the Chancellor not only against the principal, but against the surety. But as to that stipulation in the first bond which requires Story "to abide and do whatever the Court may order and decree," if it should be interpreted as imposing a responsibility beyond the value of the goods, which is not now necessary to be determined, it is to that extent out of, and goes beyond the *order* of the Court; and if the sureties can be rendered responsible for its breach even at law, the Chancellor might well refuse to enforce it; but as to the partnership goods at least, they were left with Story, and as to them he should be regarded as occupying the condition of a *quasi receiver*, and he and his sureties bound within the terms of the orders of the Court, that he should take good and discreet care of them and render an account of the same as the Court should order.

The surety in a bond for the forthcoming of property attached by the Chancellor, may be rendered responsible on a rule for failing to comply, in the same way as the principal, with-

If, therefore, Story fails to satisfy the decree, or upon a proper order, to produce the goods, that they may be applied in satisfaction of the same, Bakewell may be made responsible, on a rule against him, for at least the *estimated value* of the goods left with Story, to be credited, however, with such sums as may have been paid in the progress of the case, to the complainants, or in satisfaction of claims against the firm, out of the proceeds of

the sale of the goods. And as it appeared in the progress of the case, that the goods had been sold, except a few remnants, and could not be produced, and also upon the rule against Story to pay the decree, that he had taken the oath of an insolvent debtor, and had been discharged from custody under the attachment against him, we think the rule should have been granted against Bakewell. Though in form it was moved that he should show cause why he should not *pay* the decree, and he might not be responsible for a greater amount of the decree than the estimated value of the goods, not taken care of, accounted for or produced in good condition, to be applied in satisfaction of the decree, subject to the credits as aforesaid; yet it is apparent that he is responsible to some extent, and ought to have been made to respond to the rule. The motion was, therefore, improperly overruled.

The decree of the Chancellor and order overruling the motion for a rule against Bakewell, is reversed, and cause remanded for further proceedings.

*Owsley and Wheatley* for plaintiffs; *Duncan* for defendant.

